UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LAKE,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>TERRY HATANAKA, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-02013 JAM CKD (PS)<br><br><br>ORDER |

Plaintiff, a Florida resident, commenced this action in July 2018, asserting diversity jurisdiction and seeking $600,000 from defendants, located in California. (ECF No. 1.) After defendants filed a motion to dismiss (ECF No. 9), plaintiff filed the First Amended Complaint ("FAC") (ECF No. 11), which adds RICO claims to his state claims and asserts subject matter jurisdiction. Defendants then withdrew their original motion to dismiss and filed a motion to dismiss the FAC for lack of jurisdiction or, alternatively, to stay this action pending arbitration. (ECF No. 18.) That motion is fully briefed. (ECF Nos. 20 & 23.) Both sides have filed motions to strike portions of each others' filings. (ECF Nos. 17 & 24.)

On October 24, 2018, the undersigned held a hearing on defendants' motion to dismiss and motion to strike. Plaintiff appeared pro se, and Sean Joost appeared on behalf of defendants. At the close of the hearing, the court took the matter under submission.

1

I.     The Complaint

In the FAC, plaintiff alleges that defendants Terry and Leigh Ann Hatanaka, a husband and wife, are co-partners in defendant Hatanaka Farms, based in Woodland, California. (Id., ¶¶ 2-5.) Defendants West Valley Farms and Heritage Conservation, LLC are corporations that share business offices with Hatanaka Farms, with an alternate business address of the Hatanaka residence and surrounding farmland where almonds and other crops are grown. (Id., ¶¶ 7, 33.)

Plaintiff is a California-licensed attorney. (Id., ¶ 44.) He alleges that, per a verbal agreement in February 2017, he was employed by the Hatanakas as a corporate attorney at a rate of $300 per hour and moved from southern California to the Hatanaka property in Woodland for that purpose. (Id., ¶¶ 30-32, 39-40.) Between February and October 2017, plaintiff performed numerous tasks "equivalent to a general manager, adviser, and startup business consultant," working approximately 2,000 hours. (Id., ¶¶ 42-43, 46-48.) He alleges that, though he was an attorney, he performed few legal services and referred legal work to other lawyers with the Hatanakas' consent. (Id., ¶ 44.)

Plaintiff asserts that the instant claims arise from defendants' breach of a September 2017 contract. (Id., ¶ 10.) By mid-September 2017, plaintiff alleges, defendants had not paid plaintiff anything for several months' work. (Id., 50.) On September 11, 2017, the parties executed a written contract wherein Terry Hatanaka agreed to pay plaintiff $300,000 by the end of 2017. (Id., ¶53; see Plff's Exh. A at FAC[1], pp. 29.) One month later, allegedly realizing defendants were not going to pay him, plaintiff ceased working for them. (Id., ¶57.) Though defendants made partial payment, they still owed plaintiff $200,000 at the time this suit was initiated. (Id., ¶ 68.) In addition to civil RICO claims under 18 U.S.C. §§ 1961, 1962, plaintiff asserts claims for breach of contract, intentional misrepresentation, false promise, breach of implied covenant of good faith and fair dealing, fraud, unjust enrichment, and unlawful business acts and practices

---

[1] Defendants do not dispute the authenticity of the attached copy of the contract. On a motion to dismiss, the court may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading[.]" Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Gailbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002).

under state law.  (Id., pp. 16-25.)

   II.   The Motion to Dismiss

Defendants assert that this lawsuit is essentially a dispute over attorney fees and has been submitted to the State Bar of California for arbitration.  They submit an October 9, 2018 letter from the State Bar's Mandatory Fee Arbitration program to plaintiff, informing him that defendants' request for an arbitration fee dispute in the matter of Hatanaka v. Lake, Case No. 18-A-057, has been filed and his reply is due in thirty days.  (Joost Decl., Exh. A, ECF No. 23-1 at 4.)

Defendants first argue that the court lacks subject matter jurisdiction over this dispute because it is subject to the terms of California's Mandatory Fee Arbitration Act ("MFAA").  As another federal district court has stated:

> California's Mandatory Fee Arbitration statutes ("the statutes") establish a system and procedure for the resolution of fee disputes between attorneys and their clients. Cal.Bus. & Prof.Code § 6200 et seq. The statutes allow a client to elect mandatory arbitration to resolve a fee dispute. Cal.Bus. & Prof.Code §§ 6200(c), 6201. Once the client elects arbitration, the attorney must submit the fee dispute to arbitration. Cal.Bus. & Prof.Code § 6200(c). This procedure alleviates "the disparity in bargaining power in attorney fee matters which favors the attorney by providing an effective inexpensive remedy to a client which does not necessitate the hiring of a second attorney." Manatt, Phelps, Rothenberg & Tunney v. Lawrence, 151 Cal.App.3d 1165, 1175, 199 Cal.Rptr. 246 (1984).

Meis and Wait v. Parr, 654 F. Supp. 867, 868 (N.D. Cal. Jan. 16, 1987). "Whereas a client cannot be forced under the MFAA to arbitrate a dispute concerning legal fees, at the client's election an unwilling attorney can be forced to do so." Schatz v. Allen Matkins Leck Gamble & Mallory LLP, 45 Cal. 4th 557, 565 (2009), citing § 6200(c).  The arbitration is presumptively non-binding unless both parties create an agreement stating otherwise. § 6204(a).

Defendants argue that this action should be dismissed due to plaintiff's failure to timely notify them of this action under the MFAA.  The statute requires an attorney to give written notice to his client of the client's right to arbitration, prior to or at the time of commencing an action against the client to recover fees.  § 6201(a).  "Failure to give this notice shall be a ground

3

for dismissal of the action or other proceeding." Id. Defendants argue that because arbitration is mandatory under state law, this court lacks subject matter jurisdiction to hear the dispute. In Meis and Waite, 654 F. Supp. 867, the district court found that plaintiff law partnership "violated the intent of the [MFAA]" when it "pursued both arbitration and litigation simultaneously by filing its action [to recover attorneys' fees] during the arbitration period," and dismissed the case.

Alternatively, defendants argue that this action should be stayed pending arbitration of the underlying fee dispute by the State Bar. The MFAA provides that if an attorney commences an action in any court, "the client may stay the action or other proceeding by serving and filing a request for arbitration" before the answer in the action or equivalent response is filed.[2] Cal. Bus. & Prof. Code § 6201(b); see also § 6021(c) ("Upon filing and service of the request for arbitration, the action or other proceeding shall be automatically stayed until the award of the arbitrators is issued or the arbitration is otherwise terminated."). "When resolving a fee dispute, the statutes do not intend that the parties pursue both litigation and arbitration simultaneously. For example, if the client elects arbitration, the statutes automatically stay any existing civil action by the attorney to collect fees until the arbitration's conclusion. Cal.Bus. & Prof.Code § 6201(c). That stay can be lifted only if the attorney shows that the issues are not appropriate for arbitration. Id." Meis and Waite, 654 F. Supp. At 869.

In Hicks Park LLP v. ING Bank, FSB, 2011 WL 5509097 (C.D. Cal. Nov. 9, 2011), the district court granted defendants' motion to stay litigation relating to a fee dispute arising from a former attorney-client relationship. Similarly, in Naegele v. Albers, 355 F. Supp. 2d 129, 140 (D.D.C. Jan. 3, 2005), the district court stayed litigation involving "in part, a fee dispute arising out of an attorney-client relationship that originated in California between the plaintiff attorney and the defendant clients" pursuant to the MFAA." As to related claims, the Naegele court reasoned:

> The plaintiff has brought numerous other counts against the

---

[2] Here, defendants have not filed an answer or its equivalent, but a motion to dismiss or stay due to the commencement of arbitration under the state's statutory scheme. Defendants have not waived the right to pursue arbitration under the MFAA, as plaintiff contended at the hearing.

4

> defendants, namely, tortious interference, conspiracy, and breach of contract. [Citations.] Because these counts are dependent on the outcome of the fee dispute, the court cannot sever them into separate proceedings without frustrating the above-mentioned policy reasons for California's mandatory arbitration of fee disputes. Furthermore "litigating essentially the same issues in two separate forums is not in the interest of judicial economy or in the parties' best interests." [Citations omitted.] The court also notes that there are remaining questions, especially regarding the proper amount-in-controversy and the real party in interest, that the current arbitration in California may impact. Given that the fee in controversy is a central issue to this case, the court concludes that all of the plaintiff's counts fall under the umbrella of the stay pending the completion of arbitration in California.

Id. at 141.

### III.   Discussion

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the subject matter jurisdiction of the court. Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039-40 (9th Cir. 2003). A Rule 12(b)(1) motion will be granted if the complaint, when considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction. Id. at 1039, n.2; Thornhill Publ'g Co. v. General Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). On a motion for lack of jurisdiction under Rule 12(b)(1), no presumptive truthfulness attaches to the plaintiff's allegations, as it does on a motion to dismiss under Rule 12(b)(6) or a motion for summary judgment under Rule 56. Id.

Challenges to jurisdiction under Rule 12(b)(1) may be facial (i.e., on the pleadings) or factual, permitting the court to look beyond the complaint. Savage v. Glendale Union High School, Dist. No. 205, 343 F.3d 1036, 1039-40, n.2 (9th Cir. 2003); see also White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). In a factual challenge, "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. Unites States, 850 F.2d 558, 560 (9th Cir. 1988). See also Biotics Research Corp. v. Heckler, 710 F.2d 1375, 1379 (9th Cir. 1983) (consideration of material outside the pleadings did not convert a Rule 12(b)(1) motion into one for summary judgment).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 29 U.S. 248, 254 (1936). The Ninth Circuit has held that a stay is proper if the conclusions of another tribunal "may be of valuable assistance to the court in resolving the [claims] presented in [the complaint], even under the assumption that the court is not bound and controlled by the [other tribunal's] conclusions." Leyva v. Certified Growers of California, Ltd., 593 F.2d 857, 863 (9th Cir. 1979). However, a "stay should not be granted unless it appears likely the other proceedings will be concluded within reasonable time in relation to the urgency of the claims presented to the court." Id. at 864.

Here, plaintiff opposes a stay, arguing that most of the tasks he performed for defendants involved business management and that defendants have mischaracterized this action as an attorneys' fees dispute. Both plaintiff and defendants submit declarations in support of their respective characterizations of the parties' relationship. ECF No. 12 (Decl. of J. Lake); ECF No. 18-1 (Decl. of T. Hatanaka); ECF No. 18-2 (Decl. of L. Hatanaka); ECF No. 22 (2nd Decl. of J. Lake). While the court may consider evidence outside the pleadings to determine jurisdiction under Rule 12(b)(1), the key issue currently before the court is whether this action should be stayed pending the outcome of State Bar arbitration. Further, while the parties dispute the ratio of legal to non-legal work plaintiff performed, plaintiff is a licensed California attorney who alleges that the Hatanakas hired him "for the position of corporate attorney," and the State Bar has opened a case on the parties' fee dispute pursuant to the MFAA. Because the State Bar's conclusions "may be of valuable assistance to the court in resolving the [claims] presented in [the complaint]," Leyva, 593 F.2d at 863, and in light of the policy considerations of the MFAA, a stay of this action pending arbitration is warranted.

IV. Motions to Strike

Defendants have filed a motion to strike plaintiff's declaration submitted in support of the FAC. (ECF No. 17; see ECF No. 12.) They argue that such a declaration is not contemplated by Rule 7 of the Federal Rules of Civil Procedure, which allows certain documents to be filed as pleadings, including a complaint. While plaintiff may seek to amend the FAC with additional

allegations, defendants' motion to strike the declaration should be granted.

On October 19, 2018, plaintiff filed a motion to strike defendants' reply in support of their motion and the accompanying declaration. (ECF No. 24.) As plaintiff's motion does not comport with Local Rule 230(b) regarding notice of motions at least 28 days prior to hearing, this motion (ECF No. 24) should be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (ECF No. 18) is partially granted as to the stay;
2. This action is stayed pending the completion of arbitration in the matter of <u>Hatanaka v. Lake</u>, Case No. 18-A-057, now before the State Bar;
3. Within thirty calendar days of the completion of arbitration proceedings, the parties shall submit a joint status report informing the court of the outcome of the arbitration proceedings, whether they wish to continue with this action, and a proposed briefing schedule if so;
4. The Clerk of Court is directed to stay this action;
5. Defendants' motion to strike (ECF No. 17) is granted; and
6. Plaintiff's motion to strike (ECF No. 24) is denied.
7. The Initial Scheduling Conference set for January 09, 2019, is hereby VACATED.

Dated: October 25, 2018

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / lake2013.mtd