UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LAKE,<br><br>        Plaintiff,<br><br>    v.<br><br>TERRY HATANAKA, ET AL.,<br><br>        Defendants. | No.  2:18-cv-02013 JAM-CKD<br><br><br>**ORDER GRANTING MOTION TO DISMISS** |

    Pending before this Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC").  ECF No. 57.[1]  The SAC contains three claims alleging violations of federal statutes and twenty four state law claims.  ECF No. 55.  Plaintiff alleges that this Court has federal question and diversity jurisdiction over these claims.  See SAC.  Plaintiff also requests that the Court exercise supplemental jurisdiction over the state law claims.  See SAC.  The parties were ordered to file supplemental

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for May 4, 2021.

1

briefs on the issue of diversity jurisdiction.  ECF No. 64.  The Court has received, read and considered these briefs, ECF Nos. 77 and 78, along with the briefs in support of and in opposition to Defendants' Motion to Dismiss.  ECF Nos. 57, 61 and 62.  The Court grants Defendants' Motion to Dismiss for the reasons set forth below.

## I. FEDERAL QUESTION CLAIMS

First, as to Plaintiff's IRS and federal fraud claims (Counts 2 and 3 of the SAC), the Court finds as shown in Defendants' moving papers, there is no IRS Code Section 1706 and the law is clear that there is no private right of action under any of the other three code sections.  See Motion to Dismiss ("MTD") ECF No. 57 at 10.  Plaintiff does not dispute this and instead attempts to argue he can bring a new claim against Defendants under 26 U.S.C. Section 7434.  This Section does not give rise to a private right of action for either Plaintiff's claim that Forms 1099 were fraudulently filed or his claim that Defendants failed to file required Forms W-2.  Oliver v. Ocwen Loan Servicing, LLC, 2019 WL 4391122 at *1 (C.D. Cal., July 18, 2019, No. CV 19-4756-MWF(ASX)).  See generally MTD Reply Brief, ECF No. 62 at 3.

Second, as to Plaintiff's claim under the Fair Labor Standards Act ("FLSA") (Count 1 of the SAC), this claim fails for lack of plausible factual allegations and is also deficient for failing to allege sufficient facts concerning such matters as the identify of Plaintiff's alleged employer and hours worked.  See MTD, ECF No. 57 at 7-9.  Plaintiff's threadbare, generalized

allegations are not sufficient to state a claim under the FLSA. Id.

The Court finds that any further amendment of Counts 1, 2 and 3 of the SAC would be futile and dismisses these three claims with prejudice.

## II. DIVERSITY CLAIMS

Plaintiff contends he is a citizen of Florida and complete diversity exists between the parties such that the Court has jurisdiction over the remaining 24 state law counts of the SAC. See generally ECF No. 78. The parties do not dispute that the amount in controversy exceeds $75,000. Defendants argue that the facts relevant to Plaintiff's domicile demonstrate overwhelmingly that Plaintiff was domiciled in California for many years prior to filing this lawsuit and confirmed to be domiciled in California for a substantial period of time after the filing of his original complaint in this case. Defendants ask this Court to find there is no diversity of citizenship.[2] See generally ECF No. 77.

The undisputed facts reveal that Plaintiff moved to California in 1997. Prior to that, he was employed as a Delta Airlines pilot and lived in Florida. In 1997, he sustained an in flight injury and at the end of 1997 or in early 1998 he was transferred by Delta to a California base. From 1997 to 2006 he

---

[2] Defendants objected to and moved to strike evidence submitted by Plaintiff in addition to his memorandum of points and authorities on the issue of diversity jurisdiction. Plaintiff opposed this motion to strike. ECF Nos. 79, 80. The Court overrules Defendants' objections and denies the motion to strike.

1  lived in rental apartments in Newport Beach, California while
2  undergoing treatment for his injury.  He retired from Delta in
3  2006 and began an on line law school course that allowed him to
4  sit for the California bar exam.  In 2010 Plaintiff graduated
5  from law school.  He stayed in California from 2006-2010 and made
6  one or two annual trips to Florida, staying with friends or
7  family members.  He used a friend's address in Boca Raton,
8  Florida on government documents but did not own any property in
9  Florida.  See ECF No. 77 at 2-5; ECF No. 77-2.

10       In 2010, Plaintiff moved to St. Louis, Missouri.  In 2013 he
11 was diagnosed with cancer and it was suggested that he move back
12 to California so he could get treatment at the Long Beach VA.
13 Plaintiff did not seek out any specialists or opportunities to be
14 treated in Florida.  Instead, in 2014 he moved back to Southern
15 California and rented an apartment in Long Beach.  He was also
16 sworn in as a member of the California Bar later in 2014.
17 Plaintiff maintained a P.O. Box and continued to use his friend's
18 address in Boca Raton, Florida for governmental documents and
19 filing his federal income tax returns.  He stayed in Southern
20 California until March 2017 when he moved into Defendant
21 Hatanaka's residence in Woodland, California.  He maintained an
22 apartment in Newport Beach and stayed there for medical
23 appointments.  Plaintiff testified that he "had no idea" how long
24 he would stay when he moved to Woodland because "there was no
25 definite time frame at the time."  Id.  All the alleged acts and
26 failures to act that gave rise to the claims in this lawsuit
27 occurred in California in or around 2017-2018.  When Plaintiff
28 and Defendants' relationship soured, Plaintiff moved to Oregon

4

and remains in Oregon to this day.  Defendant was living in California when he filed his original Complaint on July 23, 2018. Id.

"[A] person is 'domiciled' in a location where he or she has established a "fixed habitation or abode in a particular place and [intends] to remain there permanently or indefinitely." Lew v. Moss, 797 F.2d 747, 749-750 (9th Cir. 1986).  While the intention to remain permanently or indefinitely must exist, that intention is determined by objective facts.  Id. at 750.  When statements of intent conflict with the objective facts, those statements are "entitled to little weight."  Id.  Furthermore, "if a plaintiff's allegations of jurisdictional facts [establishing diversity of citizenship] are challenged by the defendant, the plaintiff bears the burden of supporting the allegations by competent proof."  Thomson v. Gaskill, 315 U.S. 442, 446 (1942).

The objective facts in this case demonstrate that Plaintiff changed his domicile from Florida to California no later than 2007.  These same facts do not support Plaintiff's argument that he is a citizen of Florida for purposes of determining if diversity jurisdiction exists in this case.  In 2007, once he finished medical treatments, Plaintiff established a physical presence in California and his actions evidenced an intention of remaining for the indefinite future.  While he moved to Missouri for four years (2010-2014), he definitely did not become domiciled in Florida at any time prior to filing this lawsuit. When he left Missouri, he could have moved to Florida.  There is no evidence that Plaintiff could find the medical specialist he

needed only in California.  He chose to return to his former residence and thereafter demonstrated an intention to reside in California for an indefinite period.  As noted above, from 2014-2018, Plaintiff obtained a license to practice law in California, remained physically present in California, moved to Woodland, California and admitted in his deposition that he understood his engagement with Defendant Terry Hatanaka was on a long term basis.  While his work for Defendants ended in October 2017, he continued to reside in Woodland and entered into a year long lease.  Finally, as noted above, he was physically present and domiciled in California on July 23, 2018 when he filed this lawsuit.

The Court notes that Plaintiff has maintained an official paper trail over the decades to support his claim that he is a citizen of Florida. However, his statements that he always planned to return to Florida are not supported by the objective facts in this case.  His own self-serving declaration and the declarations of Jeffrey Graham, David Lake and Leopold Neumann in support of Plaintiff's diversity claim do not persuade the Court that he is a Florida citizen. ECF Nos. 78-2, 78-3, 78-4 and 78-5. At best, Plaintiff had no definite plan to return to Florida, but rather "a mere 'floating intention to return at some future period.'"  This "floating intention" did not prevent Plaintiff's change of domicile from Florida to California.  See ECF No. 77 at 9-10.

In sum, Plaintiff has failed to meet his burden to show his claim of diversity jurisdiction is proper.  The Court finds there is no diversity of citizenship between the parties in this case

and therefore it does not have jurisdiction over the state law claims alleged in Counts 4 through 27 of the SAC.  The Court also declines to exercise supplemental jurisdiction over these state law claims.

### III. ORDER

For the reasons set forth above, the court GRANTS Defendants' Motion to Dismiss this action in its entirety. Counts 1, 2 and 3 are dismissed WITH PREJUDICE.  Counts 4 through 27 are DISMISSED WITHOUT PREJUDICE to be re-filed in state court if Plaintiff so desires.

IT IS SO ORDERED.

Dated: August 20, 2021

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE